## Perley v. Fannelli

*Robert J. Breslin, Jr.,* for plaintiffs.
*Carl M. Mazzocone* and *Garland D. Cherry,* for defendants.

KELLY, *J.,* November 23, 1976 — Defendant has filed preliminary objections to the amended complaint, alleging that the amended complaint fails to set forth a cause of action.

The cause of action in the complaint is based upon The Landlord and Tenant Act of 1951, April 6, 1951, P.L. 69, as amended, 68 P.S. §250.511. The gist of plaintiffs' claim is, that their escrow deposit was not returned to them, upon termination of the lease. The lease expired on June 30, 1975, at which time plaintiffs vacated the premises. On the same day, one of plaintiffs, Eileen McGlynn, went to defendant's office at 1230 County Line Road, Rosemont, Pa. to return the key to the premises and give defendants their new address. It is alleged in the complaint, that the new address was given to the defendant's agent orally, and that said agent wrote down this new address in the presence of plaintiff, Eileen McGlynn.

The narrow issue to be decided is whether or not the notice given satisfies the requirement of section 250.512(e). This section reads as follows:

"Failure of the tenant to provide the landlord with his new address in writing upon termination of the lease or upon surrender and acceptance of the leasehold premises shall relieve the landlord from any liability under this section."

We can find no cases interpreting this particular issue. It is clear, that an authorized agent may deliver as well as receive notification. And that knowledge of an agent, acting within the scope of his authority, real or apparent, may be imputed to

the agent's principal: Corn Exchange National Bank and Trust Company v. Burkhart, 401 Pa. 535, 165 A.2d 612 (1960).

Section 250.512(e) of The Landlord and Tenant Act requires that the notice of the new address be given in writing. The act does not require that a specific individual tenant personally draft the writing. Such a task can be delegated to an agent. The act is satisfied if a letter containing the new address is properly mailed and posted to the landlord. Here, the tenant did more, she went personally to the office of the landlord and gave the notice. Here, the notice was not only dispatched, it was received at the same instant. There is no such guarantee when a properly posted letter is placed in the postal system.

The only remaining possible deficiency in the present complaint, is that the notice was oral and not written. The only reason for the requirement of a writing is that there be in existence some evidence of the giving of the required notice. This was satisfied when the agent of defendant recorded the information in the presence of one of plaintiffs. At that moment, the requirements of section 250.512(e) were satisfied, i.e., there was in the hands of defendant, a written document, advising defendant of plaintiff's new address. How it got there, or who did the actual writing is of no importance.

For these reasons we make the following

## ORDER

And now, November 23, 1976, after considering the arguments in briefs of counsel, it is hereby ordered and decreed that the preliminary objections filed by defendants be and the same are hereby dismissed.